IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID RICHARD SIMS, ) | |
| # 155998, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:10cv757-TMH |
| ) | (WO) |
| J.C. GILES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

In their answer filed with this court on October 6, 2010 (Doc. No. 8), the respondents assert that the petitioner has failed to exhaust state remedies with respect to the claims presented in his federal habeas petition. Specifically, the respondents maintain that the petitioner may challenge the calculation of his jail credit and minimum release date from an Alabama penitentiary in the appropriate state circuit court via a state habeas corpus petition (Doc. No. 8 at 3). *See Ex parte Boykin*, 862 So.2d 587 (Ala. 2002); *Montgomery v. State*, 967 So.2d 103 (Ala. Crim. App. 2007).

The law directs that a federal petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it appears that the petitioner has not yet exhausted his available state court remedies with respect to the claims presented in his federal petition for habeas corpus relief. This court does not deem

it appropriate to rule on the merits of the petitioner's claims for relief without first requiring that he exhaust available state remedies.  See 28 U.S.C. § 2254(1)(b)(2).

Accordingly, it is

ORDERED that on or before October 22, 2010, the petitioner shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

Done this 8th day of October, 2010.


      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE