IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID RICHARD SIMS, # 155998, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | Civil Action No. 3:10cv757-TMH (WO) |
| J.C. GILES, *et al.*, | ) ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* 28 U.S.C. § 2254 petition for habeas corpus relief filed on or around September 9, 2010, by David Richard Sims ("Sims"), a state inmate in custody pursuant to a sentence imposed by the Circuit Court of Russell County, Alabama. In his petition (Doc. No. 1), Sims appears to contend that the Alabama Department of Corrections incorrectly calculated his minimum release date from his state sentence after his probation was revoked on April 21, 2010. In their answer to Sims's petition, the respondents argue, among other things, that Sims has failed to exhaust his state remedies with respect to his claims and that his petition should therefore be dismissed without prejudice to allow him full exhaustion of available state remedies. (*See* Doc. No. 8.) This court entered an order affording Sims an opportunity to demonstrate why his petition should not be dismissed for his failure to exhaust state remedies. (Doc. No. 9.) However, Sims filed nothing further with this court.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Sims appears to contend that the Alabama Department of Corrections incorrectly calculated his minimum release date from his state sentence following the revocation of his state probation. Under Alabama law, a petition for a writ of habeas corpus filed in state court is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison. *See Perkins v. State*, 10 So.3d 617, 618 (Ala. Crim. App. 2007); *Day v. State*, 879 So.2d 1206, 1207 (Ala. Crim. App. 2003). The materials before this court indicate that Sims has not filed a petition for a writ of habeas corpus in state court seeking the relief he requests in his federal habeas petition. Thus, it appears that Sims has not exhausted his available state court remedies with respect to the claims presented in his federal petition. This court does not deem it appropriate to rule on the merits of Sims's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, this court concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Sims can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed without prejudice to afford Sims an opportunity to exhaust all state court remedies available to him.  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before January 5, 2011.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)

Done this 22nd day of December, 2010.

                                                  /s/Charles S. Coody
                                                  CHARLES S. COODY
                                                  UNITED STATES MAGISTRATE JUDGE